UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES CRUZ,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, OFFICER CHRISTIAN
MARTINEZ (N.Y.P.D.) SHIELD# 10068, OFFICER
DAVID HERNANDEZ (N.Y.P.D.) SHIELD# 10450,
OFFICER TAIWO ADELEKE (N.Y.P.D.) SHIELD# 02404,
OFFICER JOSE LIZARDO (N.Y.P.D.) #10500, OFFICERS
JOHN DOE #1-10 (THE NAME JOHN DOE BEING
FICTITIOUS, AS THE TRUE NAME(S) IS/ARE
PRESENTLY UNKNOWN),

                Defendants.
------------------------------------------------------------------------X

Index No.:

**COMPLAINT**

**JURY TRIAL
DEMANDED**

    The Plaintiff, complaining by his attorney(s), THE LAW OFFICE OF ANDREW L. HOFFMAN, P.C., respectfully shows this Court and alleges:

## INTRODUCTION

1. This is a civil rights action to vindicate the rights of Plaintiff James Cruz, who was wrongfully arrested and prosecuted after members of the New York City Police Department ("NYPD") knowingly fabricated evidence against him.

2. The Defendant police officers are now being sued for fabricating evidence, falsely arresting, and maliciously prosecuting Mr. Cruz.

3. The City of New York is being sued for failing to properly train, supervise, and/or discipline New York City police officers, and for continuing to tolerate and defend a widely publicized departmental culture of willful indifference toward the rights of citizens.

1

## JURISDICTION

4. Jurisdiction is founded upon the existence of a Federal Question.

5. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. Sections 1983 and 1988, and arising under the law and statutes of the State of New York.

6. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under the color of law, statute, ordinance, regulation, custom and usage of rights, privileges and immunities secured to Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

## VENUE

7. Venue lies in this District pursuant to 28 U.S.C.A. Section 1391(b) (2) since the events giving rise to the claim occurred in the Southern District.

## PARTIES

8. At all times relevant and hereinafter, Plaintiff JAMES CRUZ resided in New York, New York.

9. Upon information and belief, at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant all

Defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. Upon information and belief, at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK, its agents, servants, and employees, operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT, including all the police officers thereof.

11. Upon information and belief, at all times hereinafter mentioned, Defendant POLICE OFFICERS CHRISTIAN MARTINEZ, DAVID HERNANDEZ, TAIWO ADELEKE, JOSE LIZARDO, and POLICE OFFICER(S) DOE #1-10[1] were employed by the Defendant, CITY OF NEW YORK, as members of its police department.

12. Upon information and belief, at all times hereinafter mentioned, all Defendant Police Officers, be they known or unknown, worked out of the 32nd Precinct in Manhattan, in the City of New York.

13. The NEW YORK CITY POLICE DEPARTMENT is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the POLICE CHIEF THE NEW YORK CITY POLICE DEPARTMENT is responsible for the policies, practices, and customs of the NEW YORK CITY POLICE DEPARTMENT as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees, and is the final decision maker for that agency.

---

[1] Plaintiff's diligent search for the identity of all officers involved remains ongoing. Accordingly, the Corporation Counsel is on notice that the plaintiff intends to name every officer involved as defendants once their identities are revealed through discovery. All appropriate steps to prepare the officers' defenses and otherwise inform them that they will be individually named should be undertaken forthwith.

14. This action arises under the United States Constitution, particularly under provisions of the First, Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, and the rights guaranteed by the Constitution and laws of the State of New York.

15. Individual Defendants in this action are being sued in both their individual and official capacities.

## STATEMENT OF FACTS

16. The evening of February 6, 2014 began much like any other for Plaintiff James Cruz.

17. The Plaintiff had spent the day at his job working as an auto mechanic.

18. On the way home, Mr. Cruz stopped by a local deli in his neighborhood located at 2843 8th Avenue (a.k.a. Frederick Douglass Boulevard) in Harlem to purchase a soda.

19. Having lived in the same neighborhood all his life, the Plaintiff was a regular customer at the deli, and was acquainted with the deli's employees.

20. Upon entering the deli, James Cruz headed to the rear of the store to grab a soda from the refrigerator.

21. As he was browsing the sodas, approximately four officers[2] suddenly burst into the deli.

22. Upon information and belief, those officers were Defendants Martinez, Hernandez, Adeleke, and Lizardo.

---

[2] Upon information and belief, several of the named Defendants have been named in prior civil rights suits. Defendants **Hernandez** and **Adeleke** were named in Belle v. City of New York, et al., 13-CV-4304 (allegations of Fabrication and False Arrest); **Hernandez** was named in Drayton v. City of New York, et al., 09-CV-2987 (allegations of Fabrication, False Arrest, and Conspiracy); **Hernandez** was named in Varona v. City of New York, et al., 12-CV-2426 (allegations of Fabrication and Malicious Prosecution); Defendants **Martinez and Lizardo** were named in Cartwright v. City of New York, et al., 11-CV-8315 (allegations of Conspiracy, False Arrest, and Excessive Force ***at the same deli where the Plaintiff in this case was Falsely Arrested***).

23. In an apparently coordinated manner, one officer went straight to the back aisle on the right side of the store, another raced toward Mr. Cruz, while others stood near the entrance of the store.

24. Thereafter, one of the officers walked swiftly and deliberately to a Pringles can in the back aisle, while another arrested Mr. Cruz.

25. According to police documents, Officer Hernandez allegedly "observed" Mr. Cruz holding a Pringles can, from which he removed several bags containing marijuana.

26. Mr. Cruz vigorously contests this account, and a deli employee who witnessed the events signed an affidavit swearing that Mr. Cruz never went anywhere near a Pringles can during his brief stop at the deli.

27. Notwithstanding, Mr. Cruz was taken to the 32nd Precinct for processing.

28. At the Precinct, Mr. Cruz was subjected to a humiliating strip search, before being taken to Manhattan Central booking.

29. Mr. Cruz was held for approximately three days before being released on his own recognizance following his arraignment.

30. The frivolous case was not dismissed until June 9, 2015, more than a year after Mr. Cruz's wrongful arrest.

31. Fighting the bogus case required approximately nine court appearances, ultimately costing him his job as a mechanic, and making it difficult to care of his mother, who went through multiple surgeries during that time, and from supporting and caring for his wife who was pregnant.

32. The prosecution pushed for a plea deal from the beginning of the case, but Mr. Cruz turned it down every time, steadfastly maintaining his innocence.

33. Mr. Cruz continues to suffer from the effects of the experience to this day.

### AS AND FOR THE FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF AGAINST ALL DEFENDANTS

**Violation of Constitutional Rights Under Color of State Law**

—False Arrest—

34. Plaintiff incorporates by reference and reallege each and every allegation stated in Paragraphs 1 through 33.

35. The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures by government officials, and prohibits law enforcement officers from arresting and detaining individuals in the absence of appropriate authorization. The Fourth Amendment also precludes police officers from conducting arrests in the absence of probable cause to believe that a crime has been committed.

36. The actions of Defendants detailed above violated James Cruz's rights under the United States Constitution. Given the total absence of probable cause, it was not objectively reasonable for the Defendant officers to arrest Mr. Cruz for anything on February 6, 2014.

37. Defendants' actions were motivated by bad faith and malice, and/or deliberate indifference to the rights of James Cruz.

38. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

39. As a direct and proximate result of the unconstitutional acts described above, Plaintiff James Cruz has been substantially injured.

## AS AND FOR THE SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF AGAINST ALL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law

### —Malicious Prosecution—

40. Plaintiff incorporates by reference and reallege each and every allegation stated in Paragraphs 1 through 39.

41. The Fourth Amendment of the United States Constitution protects citizens from overzealous and malicious prosecution by government officials without probable cause.

42. James Cruz was prosecuted, without probable cause, relative to his February 6, 2014 arrest as set forth herein.

43. Said charges resulted in a loss of liberty for Mr. Cruz, as he was incarcerated for approximately three days as a result of the aforedescribed false and improper charges, and incurred additional deprivations of liberty pursuant to mandatory court appearances, as well as suffering financial and emotional damages as a direct result.

44. Mr. Cruz's criminal proceeding was terminated in favor of Mr. Cruz, as the charges in question were dismissed outright.

45. Defendants' actions were motivated by bad faith, malice, and/or deliberate indifference to the rights of James Cruz.

46. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

47. As a direct and proximate result of the unconstitutional acts described above, Plaintiff James Cruz has been substantially injured.

## AS AND FOR THE THIRD CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF AGAINST ALL DEFENDANTS

## Violation of Constitutional Rights Under Color of State Law

## -Denial of Constitutional Right to Fair Trial Due to Fabrication of Evidence-

48. Plaintiff incorporates by reference and reallege each and every allegation stated in Paragraphs 1 through 47.

49. Defendants created false and material evidence against Plaintiff James Cruz, as herein described.

50. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

51. Defendants misled the judge and the prosecutors by creating false evidence against Plaintiff James Cruz.

52. In creating false evidence against Plaintiff James Cruz, in forwarding false evidence and information to prosecutors, Defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

53. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

54. As a direct and proximate result of the unconstitutional acts described above, Plaintiff James Cruz has been substantially injured.

### AS AND FOR THE FOURTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF AGAINST DEFENDANTS MITCHELL, REGENT, LARIN AND DOE(S)

**Violation of Constitutional Rights Under Color of State Law**

**-Failure to Intervene-**

55. Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 54.

56. The United States Constitution protects citizens from unreasonable searches and seizures by government officials, and prohibits law enforcement officers from arresting and detaining individuals in the absence of appropriate authorization.  It also precludes police officers from conducting arrests in the absence of probable cause to believe that a crime has been committed, and from fabricating evidence.

57. It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the clearly established constitutional rights of citizens from infringement by other law enforcement officers in their presence.

58. At all times relevant herein, the rights set forth herein were clearly established constitutional rights that a reasonable person would have known.

59. Defendants' actions were motivated by bad faith and malice, and/or deliberate indifference to the rights of Mr. Cruz.

60. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

61. As a direct and proximate result of the unconstitutional acts described above, Plaintiff James Cruz has been substantially injured.

### AS AND FOR THE FIFTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF AGAINST ALL DEFENDANTS

**Violation of Constitutional Rights Under Color of State Law**

**-Conspiracy to Violate Plaintiff's Civil Rights-**

62. Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 61.

63. Defendant officers, as state actors in their individual capacities pursuing personal interests wholly separate and apart from that of the City of New York or New York City Police Department, conspired together, reached a mutual understanding, and overtly acted in concert to undertake a course of conduct violative of the Plaintiff's constitutional rights by:

    a. Agreeing to intentionally fabricate a legal justification for the unauthorized arrest and prosecution of the Plaintiff;

    b. Agreeing to deliberately and maliciously fabricate evidence against the Plaintiff; and

    c. Agreeing to deprive the Plaintiff of liberty as aforedescribed.

64. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

65. Defendants' actions were motivated by bad faith, malice, and/or deliberate indifference to the rights of Mr. Cruz.

66. As a direct and proximate result of the unconstitutional acts described above, the Plaintiff has been substantially injured.

## AS AND FOR THE SIXTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF AGAINST ALL DEFENDANTS

**Violation of Constitutional Rights Under Color of State Law
-Implementation of Municipal Policies, Practices, and Customs that Directly Violate Constitutional Rights, Failure to Implement Municipal Policies to Avoid Constitutional Deprivations and Failure to Train and Supervise Employees Under Color of State Law-**

67. Plaintiff incorporates by reference and reallege each and every allegation stated in Paragraphs 1 through 66.

68. Upon information and belief, Defendant City of New York and Doe #1-10 who were supervisors and final decision makers, as a matter of policy, practice, and custom, have acted with a callous, reckless and deliberate indifference to the Plaintiff's constitutional rights and laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers concerning the rights of citizens, including not adequately addressing racial bias, citizens' first amendment right to lawfully record police activities, making false arrests, using excessive and retaliatory force, not initiating prosecution against innocent individuals, and not forwarding false and/or patently unreliable evidence to prosecutors in order to secure a conviction.

69. In the alternative, and upon information and belief, Defendants City of New York and Doe #1-10 instituted policies addressing the topics listed above, but through deliberate indifference to the same culture of gross negligence, carelessness, and malice displayed by Defendant officers and/or improperly pressuring officers to meet certain arrest quotas regardless of whether probable cause was present, demonstrated a willful indifference to the constitutional rights of the Plaintiff.

70. Defendant(s) also, upon information and belief, demonstrated deliberate indifference to the rights of those arrested in the City of New York by failing to adequately hire, screen, train, and supervise the Defendant officers.

71. The policies, procedures, customs and practices of the above-referenced Defendants violated the Constitutional rights of the Plaintiff under the First and Fourth Amendments of the United States Constitution.

72. This conduct on the part of Defendants also represents a violation of 42 U.S.C § 1983, given that said actions were undertaken under color of state law.

73. As a direct and proximate result of the unconstitutional acts described above, the Plaintiff has been substantially injured.

## DEMAND FOR PUNITIVE DAMAGES

74. The actions of Defendants described herein were extreme and outrageous, and shock the conscience of a reasonable person.  Consequently, an award of punitive damages is appropriate to punish the named Defendants.  The Plaintiff does not seek punitive damages against the City of New York.

## DEMAND FOR TRIAL BY JURY

75. The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Cruz requests that this Honorable Court grant the following relief:

A. A judgment against Defendants Martinez, Hernandez, Adeleke, Lizardo, and Doe(s) for compensatory damages, and punitive damages in an amount to be determined by a properly charged jury;

B. A judgment against the Defendant City of New York for compensatory damages in an amount to be determined by a properly charged jury;

C. A monetary award for attorneys fees and costs of this action, pursuant to 42 U.S.C. § 1988;

D. Any other relief this Court finds to be just, proper, and equitable.

Dated: New York, New York
       January 27, 2017

Respectfully Submitted By:

The Law Office of Andrew Hoffman, P.C.
By:

_____/s_____
Andrew L. Hoffman, Of Counsel
SDNY Bar Code Number: AH2961
261 Madison Avenue, 12 Floor
New York, New York 10016
T:     (212) 736-3935
E: ahoffman@andrewhoffmanlaw.com